IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PENOVIA LLC,** § | | |
| § | | |
| **Plaintiff,** § | **CASE NO. 2:13-CV-00421-JRG** | |
| v. § | | |
| § | | |
| § | **Jury Trial Demanded** | |
| **CANON U.S.A., INC.** § | | |
| § | | |
| **Defendant.** § | | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT CANON U.S.A., INC.**

Defendant Canon U.S.A., Inc. ("Canon U.S.A."), by and through its undersigned attorneys, hereby responds to the Complaint of plaintiff Penovia LLC ("Penovia") with the following Answer and Affirmative Defenses.

**GENERAL DENIAL**

Unless specifically admitted below, Canon U.S.A. denies each and every allegation in the Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

Canon U.S.A. hereby answers the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

**PARTIES AND JURISDICTION**

1. Canon U.S.A. admits that this is an action for patent infringement under Title 35 of the United States Code, and that Penovia is seeking recovery of damages. Canon U.S.A. denies that there has been any infringement. Canon U.S.A. also denies that Penovia is entitled to recovery of any damages.

2. Canon U.S.A. admits that this Court has subject matter jurisdiction over Penovia's allegations pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the merits of the claims asserted against it.

3. Canon U.S.A. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies them.

4. Canon U.S.A. admits that Canon U.S.A. is a New York corporation with its principal office located at One Canon Park, Melville, New York 11747. Canon U.S.A. also admits that it has conducted business in the state of Texas. Canon U.S.A. does not contest personal jurisdiction in this particular action. Except as so admitted, Canon U.S.A. otherwise denies the allegations in paragraph 4 of the Complaint, including the allegation that Canon U.S.A. has committed acts of infringement in the state of Texas.

5. Canon U.S.A. admits that Canon U.S.A. products that are alleged to infringe may have been used, offered for sale, and/or sold in the Eastern District of Texas. Except as so admitted, Canon U.S.A. otherwise denies the allegations in paragraph 5 of the Complaint, including the allegation that any of those products infringe.

## VENUE

6. Canon U.S.A. does not contest venue in this particular action, but denies that this Court is the most convenient or most appropriate forum for this action.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7. Canon U.S.A. restates and incorporates by reference its responses to the allegations in paragraphs 1 through 6 of the Complaint.

8.      Canon U.S.A. admits that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*, but denies that there has been any infringement.

9.      Canon U.S.A. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies them.

10.     Canon U.S.A. admits that a copy of U.S. Patent No. 5,822,221 (the "'221 Patent"), titled "Office Machine Monitoring Device," is attached to the Complaint as Exhibit A.

11.     Canon U.S.A. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies them.

12.     Canon U.S.A. admits that the '221 Patent expired on or about November 8, 2010. Canon U.S.A. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore denies them.

13.     Canon U.S.A. admits that the Complaint identifies Canon U.S.A.'s model MP560 wireless printer as an Accused Product. Canon U.S.A. denies each and every other allegation in paragraph 13 of the Complaint.

14.     Canon U.S.A. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies them.

15.     Canon U.S.A. admits that Penovia purports to seek recovery of damages from Canon U.S.A. for the period beginning 6 years before the filing date of the Complaint through the date that the '221 Patent expired, November 8, 2010. Canon U.S.A. denies that Penovia is entitled to recovery of damages.

**DEMAND FOR JURY TRIAL**

Canon U.S.A. admits that Penovia requests a trial by jury of all issues so triable by right.

**PRAYER FOR RELIEF**

Canon U.S.A. denies that Penovia is entitled to any relief whatsoever against Canon U.S.A. in this action, either as prayed for in Penovia's Complaint or otherwise.

**CANON U.S.A.'S AFFIRMATIVE DEFENSES**

Canon U.S.A.'s Affirmative Defenses are listed below. Canon U.S.A. reserves the right to amend its Answer to add Affirmative Defenses, consistent with the facts discovered in the case.

**First Affirmative Defense: Failure to State a Claim**

1. Penovia's Complaint fails to state any claim against Canon U.S.A. upon which relief may be granted.

**Second Affirmative Defense: Noninfringement**

2. Canon U.S.A. has not infringed any valid claim of U.S. Patent No. 5,822,221 (the "'221 Patent"), either literally or under the doctrine of equivalents. Nor has Canon U.S.A. actively induced or contributed to the infringement of any claim of the '221 Patent.

**Third Affirmative Defense: Invalidity**

3. On information and belief, each claim of the '221 Patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense: Prosecution History Estoppel**

4. As a result of the proceedings before the United States Patent and Trademark Office during prosecution of the application for the '221 Patent, specifically admissions,

representations, and amendments made on behalf of the applicants, Penovia is estopped from asserting any construction of the claims of the '221 Patent to cover any activity engaged in or product sold by Canon U.S.A.

### Fifth Affirmative Defense: Laches

5. On information and belief, Penovia's claims against Canon U.S.A. are barred in whole or in part by the equitable doctrine of laches.

### Sixth Affirmative Defense: Limitation on Damages

6. Penovia's claims for damages is barred and/or limited by 35 U.S.C. §§ 286 and 287.

### Seventh Affirmative Defense: Reservation of Affirmative Defenses

7. Canon U.S.A. reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may become available in the future based on discovery and further factual investigation in this action.

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Canon U.S.A. requests that:

    A. Penovia take nothing by its Complaint;

    B. The Court enter judgment in favor of Canon U.S.A. in this action, and deny Penovia all requested relief;

    C. The Court find that the '221 Patent is not infringed by Canon U.S.A.;

    D. The Court find that the '221 Patent is invalid;

    E. The Court find that Penovia cannot recover any damages from Canon U.S.A.;

      F.      The Court find that Penovia is not entitled to any other relief at law or in equity;

      G.      The Court declare that this is an exceptional case entitling Canon U.S.A. to its reasonable attorneys' fees under 35 U.S.C. § 285;

      H.      The Court award Canon U.S.A. its costs and reasonable attorneys' fees; and

The Court grant Canon U.S.A. all other and further relief to which it may show itself to be entitled.

Date: August 5, 2013                                                Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

ATTORNEYS FOR DEFENDANT CANON U.S.A., INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CANON U.S.A., INC.** *via* the Court's CM/ECF system per Local Rule CV-5(a)3) on this the 5th day of August 2013.

*/s/ Eric H. Findlay*
Eric H. Findlay